IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON MARQUIS PUGH, | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 13-00588-WS-B |
| | * |
| LOUIS BOYD, | * |
| | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

Brandon Marquis Pugh, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

## FINDINGS OF FACT

Pugh was charged with second-degree rape in the Circuit Court of Mobile County, Alabama (CC-07-0808), and on August 15, 2007, he entered a guilty plea. (Doc. 12-1 at 1). On the same

1

date, Pugh was sentenced to twenty years in the State penitentiary, split with five years to be served, followed by five years probation. (Id. at 2-3). Pugh did not did not appeal his conviction and sentence. (Docs. 12 at 1, 12-1).

Pugh was released from prison to probation on January 1, 2012. (Doc. 12 at 2). Six weeks later, he was arrested for second-degree rape and second-degree sexual abuse. (Id.) Pugh's probation in CC-0700808 was revoked on September 26, 2012, and he was ordered to serve the remainder of his 2007 sentence. (Doc. 12-5 at 2). Pugh appealed his probation revocation, but the Alabama Court of Criminal Appeals affirmed the trial court's revocation decision on April 26, 2013. (Doc. 12-5 at 2). Pugh's application for rehearing was overruled on May 31, 2013. (Doc. 12-6). His petition for certiorari was denied on August 16, 2013, and a certificate of judgment issued the same day. (Doc. 12-7).

Pugh filed the first of three petitions for habeas corpus relief with this Court on June 27, 2012. See Pugh v. Kenneth Scoungers, CA 13-00360-KD-M (S.D. Ala.). In his first petition, Pugh challenged the revocation of his probation. *See* Pugh v. Kenneth Scoungers, CA 13-00360-KD-M, (Docs. 1, 5). While the first petition was pending, Pugh filed two more habeas petitions with this Court, the instant petition, and a third one styled

Pugh v. Carla Jones, CA 13-00611-KD-N (S.D. Ala.)[1]. In both this petition, and Pugh's third petition, he seeks to challenge his August 15, 2007 conviction on the following grounds:

> Complainant wasn't younger than 16 years of age nor was she incapable of consent by reason of being mentally defective.
>
> Complainant doesn't fit the elements of Rape 2nd § 13A-6-62 and the petitioner can't be charged for that crime.

Pugh v. Carla Jones, CA 13-00611-KD-N (Doc. 1 at 4); Pugh v. Carla Jones, CA 13-00588-WS-B (Doc. 1 at 4). The Pugh v. Carla Jones, CA 13-00611-KD-N action was consolidated with the Pugh v. Kenneth Scoungers, CA 13-00360-KD-M action, which was later dismissed on the ground that Pugh's claims relating to the revocation of his probation were unexhausted. Thus, the consolidated petition was dismissed so that Pugh could properly exhaust his state remedies. Kenneth Scoungers, CA 13-00360-KD-M, (Docs. 27, 32).

---

[1] Although the instant petition was received by the Clerk's Office on December 2, 2013, pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. Houston v. Lack, 487 U.S. 266, 271-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F. 3d 1339, 1340-41 (11th Cir. 1999). The record reflects that Pugh signed his petition on November 26, 2013, and absent evidence to the contrary, that date is deemed the date on which he tendered the petition to prison officials for mailing. The third petition was signed on the same day.

In its Answer, Respondent asserts that Pugh's instant habeas petition should be denied for the following reasons: (1) Pugh failed to exhaust the two claims he now attempts to raise and due to the running of the one year statute of limitations period in Rule 32.2(2) of the Alabama Rules of Criminal Procedure, it would be futile for him to do so now and (2) Pugh's petition is barred by the one year statute of limitations set forth in Section 2244. (Doc. 12).

## **ANALYSIS**

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000). Thus, AEDPA's one-year statute of limitations period expires on April 23, 1997 for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

In the instant action, Pugh did not seek to appeal his August 15, 2007 conviction and sentence; accordingly his conviction and sentence became final on September 27, 2007,

after his 42 days to file a notice of appeal had passed. Ala.R.App.P.R.4. Because Pugh's 2007 conviction and sentence became final before his probation was revoked on September 26, 2012, the revocation did not affect the finality or his original conviction and sentence. Accordingly, the AEDPA's one-year statute of limitations began to run when his original conviction and sentence became final. His probation revocation did not resurrect, toll or otherwise extend the one-year limitations period. See Bennett v. Sec'y, Dep't of Corr., 2014 U.S. Dist. LEXIS 69085 (M.D. Fla. May 19, 2014)(where the petitioner's conviction became final before his probation was revoked, the revocation did not affect finality of the original judgment and conviction).

Before recommending dismissal of Pugh's habeas petition as untimely, the undersigned must determine whether Pugh has pled extraordinary circumstances that require a contrary conclusion. Thus, unless Pugh can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs,

498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S. 631, 645 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130, 143 (2010) (" §2244(d) is subject to equitable tolling in appropriate cases[,] . . . We have previously made clear that a 'petitioner' is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."); Diaz v. Sec'y for the Dept. of Corr., 362 F.3d 698 (11th Cir. 2004); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair . . . [g]enerally, this will occur when the petitioner has in some extraordinary way...been prevented from asserting his or her rights . . . [t]he petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims . . . [m]ere excusable neglect is not sufficient"). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v.

7

Sec'y of Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Pugh has failed to establish a basis for equitable tolling of the statutory limitations period. He has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition with respect to his 2007 conviction and sentence, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. He has also failed to alone offer any evidence that suggests that he is innocent. Where Respondent has asserted the defense of statute of limitations and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Pugh has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent[2].

---

[2] The undersigned also finds that as asserted by Respondent, it is clear that Pugh's claims are procedurally defaulted. A state

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v.

---

habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claims in federal court absent a showing of cause for and actual prejudice from the default." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999). The record reflects that Pugh never attacked his 2007 conviction and sentence in state court; and it is obvious that the unexhausted claims would now be procedurally barred by the one-year statute of limitations period in Rule 32.2(2) of the Alabama Rules of Criminal Procedure. Further, Pugh has not established cause for and actual prejudice from the default.

Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further'").

In the instant action, Pugh's petition is clearly time barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. He has also failed to make a showing of 'actual innocence' of the charge for which he was convicted. Schlup, 513 U.S. at 327. Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Pugh should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Pugh's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

**CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Court dismiss Roberts' petition with prejudice as time-barred and find that he is not entitled to a Certificate of Appealability, and is not entitled to proceed *in forma pauperis*[3] on appeal.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

---

[3] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

11

**DONE** this **3rd** day of **October, 2014.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**