IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON MARQUIS PUGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0588-WS-B |
| | ) |
| LOUIS BOYD, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

In October 2014, the Magistrate Judge entered a report and recommendation ("R&R") recommending that the petition be dismissed as time-barred. (Doc. 16). Also in October 2014, the Court adopted the R&R as its opinion, dismissed the action as time-barred, and entered final judgment accordingly. (Docs. 19, 20). The petitioner did not appeal. Instead, some nine months later, the petitioner filed a document styled, "Proof of 'Actual Innocence.'" (Doc. 23). The petitioner argued he could not have committed the crime of second-degree rape in 2007 because the victim did not fit the statutory definition, and he concluded his petition thus should be considered timely. The Court construed the filing as a motion under Rule 60(b) and held the petitioner could not obtain relief under that rule. (Doc. 24).

Undeterred, the petitioner has now filed four documents styled, "Actual Innocence Claim." (Docs. 25-28). In them, he argues he could not have committed second-degree rape because the victim "was not mentally incompetent."

"We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.

Ct. 1924, 1928 (2013). "We caution, however, that tenable actual-innocence gateway pleas are rare …." *Id*. Indeed, so rare that a petitioner "does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (internal quotes omitted). "Unexplained delay in presenting new evidence [of actual innocence] bears on the determination whether the petitioner has made the requisite showing." *Id*. at 1935. The Court assumes without deciding that *McQuiggin* applies here.

Second-degree rape occurs if the defendant "engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old" or "engages in sexual intercourse with a member of the opposite sex who is incapable of consent by reason of being mentally defective." Ala. Code § 13A-6-62(a). The petitioner denied in his petition that the victim fit either of these criteria, but he presented no evidence to support his assertion. (Doc. 1). He repeated this assertion, again without any supporting evidence, in his reply and in his objection to the R&R. (Docs. 13, 17). Only after final judgment was entered against him did the petitioner submit any evidence in support of his allegation that he could not have committed second-degree rape.

In its previous order, the Court assumed that the petitioner could be invoking Rule 60(b)(2) or 60(b)(6).[1] The former rule requires the presentation of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The latter rule requires the petitioner to "show extraordinary circumstances justifying the reopening of a final judgment." *Lugo v. Secretary, Florida Department of*

---

[1] Under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the petitioner is not using Rule 60(b) to advance a new claim or to challenge the previous resolution of a claim on the merits. *See id*. at 532 (describing uses of Rule 60(b) that constitute improper attempts to avoid the requirements of 28 U.S.C. § 2244(b)). Instead, he is challenging the Court's resolution of a threshold procedural issue.

*Corrections*, 750 F.3d 1198, 1210 (11th Cir. 2014) (internal quotes omitted), *cert. denied*, 135 S. Ct. 1171 (2015). "And such circumstances will rarely occur in the habeas context." *Id*. (internal quotes omitted). "Even where the Rule 60(b) motion demonstrates sufficiently extraordinary circumstances, whether to grant the requested relief is … a matter for the district court's sound discretion." *Id*. (internal quotes omitted).

In his previous filing, the petitioner relied on a 1998 opinion from the Alabama Supreme Court. While that decision may indicate his victim was over the age of 16, it also states she has "permanent brain damage." (Doc. 24 at 3). The petitioner's only additional evidence on this go-round is a screen grab from Facebook (whose page is unspecified) that may feature a picture of the victim holding a plaque of some sort. The screen grab also shows that a relative of the victim took her to a movie and (over a year earlier) to the Mobile Civic Center. The petitioner concludes that the screen grab "proves that she works [and has] a social life." (Doc. 27 at 2). The victim's condition eight years after the petitioner raped her is of little significance to her mental state at the time of the crime, and it does nothing to negate the petitioner's own evidence that his victim has – and had when he raped her – permanent brain damage. The petitioner's evidence falls woefully short of showing that no reasonable juror could have voted to find him guilty beyond a reasonable doubt.[2]

For the reasons set forth above, the petitioner's "actual innocence claims," construed as motions under Rule 60(b), are **denied**.[3]

---

[2] The petitioner makes a few other factual assertions concerning his victim but without offering any supporting evidence. Without evidence, his allegations are irrelevant under *McQuiggin*. He also provides no justification for his protracted delay in presenting evidence of such matters. Even had he done so, these matters are of little consequence and make no difference to the actual-innocence analysis.

[3] One of the petitioner's filings addresses the mental competence of a second victim, whom he apparently raped in 2012. (Doc. 25). This filing is irrelevant, as the petition challenges only his conviction for the 2007 rape.

DONE and ORDERED this 18th day of August, 2015.

                                          s/WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE